IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON, Class Members and
all those similarly situated, GARFIELD COOLEY,
AL-AMIN AKBAR, BOBBY GATLIN,
JOHNATHAN KRUEGER, PATRICK STEARNS,
ALEXANDER MARTINEZ, JOSEPH GREEN,
ISRAEL COLON and JOHN LLANAS

                        Petitioners,

        v.

RICK RAEMISCH, PETER HUIBREGTSE,
MARK HEISE, KEVIN KALLAS, JOHN BETT,
KATHRYN ANDERSON, HELEN KENNEBECK,
TOM GOZINKI, WELCOME ROSE, JOHN & JANE
DOES, MONICA HORNER, GARY BOUGHTON,
DAVID GARDNER, VICKI SEBASTIAN, ROBERT
HABLE, SARAH MASON, BRIAN KOOL, LESLIE
ROWN, CAPT. JENNIFER GERL, CAPT. GILBERGE,
SGT. ROBINSON, THOMAS TAYLOR, MATTHEW
SCULLION, DANA ESSER, SGT. COOK, CAPT. SHARPE,
CO II WETTER, CO CAYA, JOANI SHANNON-SHARPE,
DR. RUBIN-ASCH, DR. STACEY HOEM, TRISHA
LANSING, SGT. KUSSMAUL, SGT. STOHELSON,
CO HULCE, J. HUIBREGTSE, DANIEL LEFFLER,
TRACEY GERBER and SGT. SICKINGER,

                        Respondents.

ORDER

08-cv-390-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

This is a group action purportedly brought by the petitioners named in the caption of the complaint, each of whom is an inmate at the Wisconsin Secure Program Facility. I say purportedly, because petitioner Titus Henderson states expressly that he has signed the names of some of the petitioners to the complaint because prison officials would not allow him to pass documents back and forth between the individual litigants to obtain their signatures. The lack of authentic signatures on the complaint is a problem for at least two important reasons.

First, despite the fact that petitioner Henderson says that he obtained authorization from the individual petitioners to sign their names to legal documents, because it appears from his circumstances that he is not a lawyer or the legal guardian of any of the other litigants, he does not have legal authority to sign their names to a formal complaint. Second, each petitioner is legally responsible for knowing precisely what he is saying in documents he files with the court and he should understand that he will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are found warranted. He cannot properly oversee his filings if he grants carte blanche authority to another inmate to sign his name to documents he has not seen or read. If it is true that petitioners are not allowed to communicate with one another, then they will have to file separate complaints raising their individual claims.

Perhaps petitioners believe that because they have labeled their suit as a class action,

I will appoint a lawyer to represent them and eliminate the problems discussed above. They are wrong. A quick review of the 87-page, 176 paragraph complaint reveals that even if it was signed properly by each petitioner, it is too long, too vague, and too conclusory to pass muster under Fed. R. Civ. P. 8. It is nearly impossible to make out what happened to whom and which of the respondents were involved in what acts of wrongdoing. Without a viable complaint, I will not consider whether the case is one for which a lawyer should be appointed and a class certified. Moreover, in view of the fact that the conditions of confinement at the Wisconsin Secure Program Facility were thoroughly scrutinized just recently in the context of another class action lawsuit, Jones-El v. Berge, 00-cv-421-bbc, it is highly unlikely that I will certify a class in another multi-claim action challenging conditions at that institution without a strong showing that petitioners have more than a negligible chance of success on the merits of their claims. In sum, if petitioners believe that their constitutional rights are being violated, they will have to submit an amended complaint in which they specify what happened and when, who it happened to, and who did it, all in short and plain statements. This amended complaint must be read by each petitioner listed in the caption of the complaint and signed by each petitioner individually.

In addition, it is this court's obligation to caution each petitioner about the consequences of proceeding in a group complaint and allow them an opportunity to opt out. In Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004), the Court of Appeals for the Seventh

3

Circuit observed that there are a number of reasons a prisoner might not want to join in a group complaint filed in federal court.

First, although petitioners have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action. Boriboune, 381 F.3d at 856. In other words, before this court will screen any amended complaint petitioners might submit, each petitioner will have to pay either a full filing fee if he does not qualify to proceed in forma pauperis, or an initial partial payment of the fee calculated from a trust fund account statement for the six-month period immediately preceding the filing of the complaint, pursuant to 28 U.S.C. § 1915(a). If an inmate qualifies to prepay only a portion of the filing fee, he will thereafter be responsible for paying the remainder of the fee in installments pursuant to 28 U.S.C. § 1915(b)(2).

Although petitioners' failure to submit the requisite trust fund account statements makes it impossible to know whether the majority of the petitioners qualify for indigent status, I am aware that petitioner Henderson does not qualify. He has struck out under § 1915(g). Henderson v. Belfuel, 03-cv-729-bbc (decided Mar. 16, 2004); Henderson v. Kool, 05-cv-157-bbc (Apr. 25, 2005); Henderson v. Brush, 06-cv-12-bbc (decided Mar. 6, 2006); and Henderson v. Morris, 06-c-407-bbc (decided Nov. 14, 2006). In each of these cases, this court dismissed at least one claim raised in Henderson's complaints at the screening stage for one of the reasons listed in § 1915(g). That means that petitioner Henderson must

4

either prepay the full $350 fee for filing an amended complaint in this action or bring a separate action raising only those claims, if there are any, from which it appears that he is personally subjected to imminent danger of serious physical injury, so as to qualify for the exception to § 1915(g)'s bar.

Second, if petitioners file an amended complaint and, if I determine when I screen it that any one claim in the action is frivolous, malicious or fails to state a claim upon which relief may be granted, I will record a strike under 28 U.S.C. § 1915(g) against each petitioner in the action. According to the court of appeals, when a prisoner in a group complaint signs the pleading, he attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. Therefore, he assumes the risk of incurring a strike if any one claim relating to any other petitioner warrants a strike under § 1915(g).

Because petitioners may not have been aware of the consequences of joining their claims in one lawsuit, or that petitioner Henderson will not be allowed to proceed in the action unless he prepays the $350 fee for filing his portion of the action, I will give each an opportunity to withdraw from the suit. If, after considering whether to continue with this lawsuit jointly, petitioners agree to proceed, they will have to file an amended complaint that complies with the requirements of Fed. R. Civ. P. 8 that is signed by each of them, together with the necessary trust fund account statements.

ORDER

IT IS ORDERED that

1. The complaint submitted in this action is DISMISSED because it has not been signed by each of the individual petitioners personally and because it is in violation of Fed. R. Civ. P. 8.

2. Petitioners may have until August 15, 2008, in which to submit a proposed amended complaint describing clearly and concisely what each respondent did to him to violate his constitutional rights. The proposed amended complaint must be signed by each petitioner who wishes to continue to prosecute the action and, with the exception of petitioner Henderson, must be accompanied by a trust fund account statement for the six-month period beginning approximately February 8, 2008 and ending approximately August 8, 2008.

3. Petitioner Henderson may have until August 15, 2008, in which to submit a separate complaint limited to his claims, if there are any, in which he contends that he is in imminent danger of serious physical injury, together with the required trust fund account statement. Otherwise, if he plans to join in a proposed amended complaint required to be filed by the other petitioners on or before August 15, 2008, and that complaint contains any one claim that does not qualify for the exception to § 1915(g), he must prepay the $350 fee for filing that action.

6

4. Any petitioner who fails to respond to this order by August 15, 2008, or who advises the court that he does not want to remain a party to the complaint, will be considered to have opted out of the joint lawsuit. He will be dismissed from the lawsuit and will not be charged a filing fee.

5. If, by August 15, 2008, petitioners do not file a proposed amended complaint that complies with Rule 8 and is signed in compliance with Rule 11, this case will be DISMISSED in its entirety.

Entered this 18th day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7