IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON and PATRICK STEARNS,

                  Petitioners,

      v.

RICK RAEMISCH, PETER HUIBREGTSE,
MARK HEISE, KEVIN KALLAS, JOHN BETT,
KATHRYN ANDERSON, HELEN KENNEBECK,
TOM GOZINKI, WELCOME ROSE, JOHN & JANE
DOES, MONICA HORNER, GARY BOUGHTON,
DAVID GARDNER, VICKI SEBASTIAN, ROBERT
HABLE, SARAH MASON, BRIAN KOOL, LESLIE
ROWN, CAPT. JENNIFER GERL, CAPT. GILBERGE,
SGT. ROBINSON, THOMAS TAYLOR, MATTHEW
SCULLION, DANA ESSER, SGT. COOK, CAPT. SHARPE,
CO II WETTER, CO CAYA, JOANI SHANNON-SHARPE,
DR. RUBIN-ASCH, DR. STACEY HOEM, TRISHA
LANSING, SGT. KUSSMAUL, SGT. STOHELSON,
CO HULCE, J. HUIBREGTSE, DANIEL LEFFLER,
TRACEY GERBER and SGT. SICKINGER,

                Respondents.

ORDER

08-cv-390-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this case, petitioner Titus Henderson attempted to file a group complaint that was

not signed by all of his supposed co-petitioners.  When he filed the complaint, Henderson

explained that although each co-petitioner had not signed the complaint personally, each was

1

aware of the complaint and had granted him authority to sign on his behalf. In an order dated July 18, 2008, I told Henderson that because he is not a lawyer, he is not permitted to sign a complaint for any other litigant. In addition, I noted that the complaint violated Fed. R. Civ. P. 8. I gave the petitioners an opportunity either to opt out of the lawsuit or file a new complaint that did not violate Rule 8. Finally, I noted that Henderson had "struck out" under 28 U.S.C. § 1915(g). Therefore, if Henderson were to file a revised complaint and seek in forma pauperis status, he would have to limit his complaint to issues from which an inference could be drawn that he was in imminent danger of serious physical injury.

Following issuance of the July 18 order, all of the petitioners except Henderson and Patrick Stearns opted out of the lawsuit. Petitioner Stearns filed his own proposed amended complaint, as did Henderson. Of the individuals who opted out of the suit, two wrote to say that they had no previous knowledge of Henderson's lawsuit and had no desire to participate in it. In light of these statements, in an order dated September 22, 2008, I directed Henderson to show cause why sanctions should not be imposed upon him for his untruthful representation that he had gained the permission of the named petitioners to prosecute an action in this court on their behalf. Specifically, I advised Henderson that if, by October 6, 2008, he failed to show good cause, in writing, why I should not sanction him for his misrepresentations to this court, I would enter an order barring him from bringing any more lawsuits in this court in which he names anyone other than himself as a plaintiff. In

2

addition, I told Stearns that his proposed amended complaint violated Fed. R. Civ. P. 8.  I offered him one last opportunity to submit a complaint that complied with that rule.  Now before the court are Henderson's and Stearns's responses to the September 22 order.

In his response, petitioner Henderson argues that he should not be sanctioned because each of the named petitioners signed his name to a group inmate grievance and to a complaint that was intended to be filed in federal court (presumably raising claims similar to those raised in the complaint filed in this court) but was confiscated by prison officials. Henderson says that he submitted the first proposed but confiscated complaint as evidence in a suit he filed in state court.  He suggests as well that if the court will divulge the names of the individuals who claimed to have no knowledge of the present lawsuit, he will contact the Attorney General's office and obtain a copy of the inmate grievance to show that those petitioners had knowledge of the issues raised in the lawsuit petitioner Henderson filed in this court.

Unfortunately, Henderson's arguments miss the mark.  It may well be that the petitioners Henderson included in the complaint that was confiscated knew about that lawsuit and even signed their names to the complaint.  In addition, it may be that these same inmates signed their names to a group inmate grievance raising one or more of the issues raised in the complaint that was filed in this court.  Perhaps it was not unreasonable for Henderson to believe that if those inmates were willing earlier to be a part of a group action

3

or group grievance, they would remain willing to participate in a lawsuit Henderson filed in this court when he had the opportunity to do so.  But Henderson represented to this court in a July 6, 2008 affidavit that "[a]ll of the above plaintiffs . . . has submitted an affidavit or written their name & signature, or has authorized me (Henderson) to sign their name to the § 1983 civil complaint. . . ," and that "[i]n 'no' form or fashion has Henderson signed or printed anyone names without being given the authorization to do so verbally or by affidavit."  He had to have known that the court would understand his representations to pertain to the complaint filed in this case, and not to a complaint that was never filed (other than as evidence in another case) or to an inmate grievance.  It is disingenuous for him to suggest that he did not betray the trust of the court by implying that the inmates whose names were on the complaint had knowledge of that precise complaint and agreed expressly to be a part of it.  Therefore, I conclude that Henderson has failed to show good cause why he should not be sanctioned and I will enter an order barring him from bringing any more lawsuits in which he names anyone other than himself as a plaintiff.

One further matter pertaining to petitioner Henderson requires attention.  At the end of Henderson's response, he attaches a Wisconsin Secure Program Facility Health Services Unit memorandum indicating that he was scheduled for a radiology appointment in early September 2008, and states, "[T]he environment threatens Henderson['s] health by placing him in imminent danger for cancer requiring surgery by constant exposure to bacteria [and]

4

disease in prison cell.  Medical files reveal more details and imminent danger of cancer development."  Even if I construe this short note and attachment as a motion for reconsideration of my denial of Henderson's request for leave to proceed in forma pauperis, I must deny the motion because Henderson produces no evidence or raises any argument changing my conclusion in the September 22, 2008 order that his claim on this issue is "so vague and improbable that a finding cannot be made that he faces an imminent threat of danger that is real and not imagined."

Finally, an issue regarding petitioner Stearns remains in this case.  Although Stearns signed neither of the group complaints filed by petitioner Henderson in this action, he did submit his own proposed amended complaint.  In the court's September 22, 2008 order I dismissed this complaint because it did not comply with Fed. R. Civ. P. 8, but I gave him a chance to file a second proposed amended complaint that complies with the Federal Rules of Civil Procedure.  Rather than submit a second proposed amended complaint, Stearns has submitted a letter stating he is voluntarily dismissing himself from the lawsuit.  Therefore I will dismiss his action without prejudice.

ORDER

IT IS ORDERED that:

1.  Petitioner Titus Henderson is BARRED from bringing any more lawsuits in this

court in which he names anyone other than himself as a plaintiff.

2. Petitioner Henderson's motion for reconsideration is DENIED.

3. Petitioner Stearns's action is DISMISSED without prejudice.  The clerk of court

is directed to close this file.


Entered this 22nd day of October, 2008.

BY THE COURT:


/s/

_____

BARBARA B. CRABB
District Judge