IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                                            ORDER

                  Plaintiff,

                                        08-cv-390-bbc

     v.

RICK RAEMISCH, PETER HUIBREGTSE,
MARK HEISE, KEVIN KALLAS, JOHN BETT,
KATHRYN ANDERSON, HELEN KENNEBECK,
TOM GOZINKI, WELCOME ROSE, JOHN & JANE
DOES, MONICA HORNER, GARY BOUGHTON,
DAVID GARDNER, VICKI SEBASTIAN, ROBERT
HABLE, SARAH MASON, BRIAN KOOL, LESLIE
ROWN, CAPT. JENNIFER GERL, CAPT. GILBERGE,
SGT. ROBINSON, THOMAS TAYLOR, MATTHEW
SCULLION, DANA ESSER, SGT. COOK, CAPT. SHARPE,
CO II WETTER, CO CAYA, JOANI SHANNON-SHARPE,
DR. RUBIN-ASCH, DR. STACEY HOEM, TRISHA
LANSING, SGT. KUSSMAUL, SGT. STOHELSON,
CO HULCE, J. HUIBREGTSE, DANIEL LEFFLER,
TRACEY GERBER and SGT. SICKINGER,

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case, plaintiff Titus Henderson attempted to file a group complaint that was not signed by all of his supposed co-plaintiffs. In an October 22, 2008 order, I concluded that plaintiff had misled the court by suggesting that his fellow plaintiffs knew of the case

1

and agreed to be a part of it, and barred him from bringing any more lawsuits in this court in which he names anyone other than himself as a plaintiff. With regard to plaintiff's own claims, I concluded in a September 22, 2008 order that plaintiff could not proceed in forma pauperis because he had "struck out" under 28 U.S.C. § 1915(g), and none of his claims satisfied the imminent danger exception to § 1915(g).

Plaintiff appealed the September 22, 2008 order, and in a January 25, 2011 order, the Court of Appeals for the Seventh Circuit concluded that none of plaintiff's previous strikes were valid because plaintiff presented at least one non-frivolous claim in each of them. Henderson v. Huibregtse, no. 08-3650, slip op. at 2 (7th Cir. Jan. 25, 2011) (citing Turley v. Gaetz, 625 F.3d 1005, 1012 (7th Cir. 2010) ("[A] strike is incurred under § 1915(g) when an inmate's case is dismissed in its entirety based on the grounds listed in § 1915(g)," rather than when only one claim out of several is dismissed under § 1915(g).)) The court of appeals remanded the case to this court to determine whether plaintiff may proceed in forma pauperis with this case.

After reviewing the trust fund account provided by plaintiff, I conclude that he is unable to prepay any portion of the $350 filing fee. The next step is determining whether plaintiff's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). On August 1, 2008, plaintiff submitted a 21-page proposed amended

2

complaint, dkt. #14, which is the operative complaint. Following remand to this court, plaintiff filed a letter asking the court for leave to amend the complaint "by purging specific claims" and including "new violations," but he does not explain which claims he wishes to remove from the case. In that letter plaintiff asked the court to return a copy of his amended complaint to him so that he can amend it. Additionally, plaintiff has also filed a 13-page document titled "Supplemental Pleadings Purs. To Fed. R. Civ. P 15(d)," in which he adds new claims, and states that he is removing "other plaintiffs from the case caption," although he does not actually explain what plaintiffs or claims he is withdrawing. These filings make it unclear whether plaintiff would still like to amend his complaint or whether he wishes to have the court screen his first amended complaint and supplement.

Accordingly, I will give plaintiff until April 13, 2011 to respond to this order, explaining whether he wishes to submit a new amended complaint or whether he wishes to have the court screen his first amended complaint, dkt. #14, along with his supplement, dkt. #32. If plaintiff chooses to submit a new amended complaint, he must do so by April 13, 2011. If plaintiff fails to respond to this order, I will screen his first amended complaint and supplement. To assist plaintiff with this task, I have attached to this order copies of his first amended complaint and supplement along with a blank complaint form.

Finally, I warn plaintiff that he is still barred from filing complaints naming anyone other than himself as a plaintiff. If he chooses to submit a new amended complaint, he will

3

not be able to add any other prisoners as plaintiffs.

ORDER

IT IS ORDERED that plaintiff Titus Henderson may have until April 13, 2011 to respond to this order, explaining whether he wishes to submit a new amended complaint or whether he wishes to have the court screen his first amended complaint, dkt. #14, along with his supplement, dkt. #32. If plaintiff chooses to submit a new amended complaint, he must do so by April 13, 2011. If plaintiff fails to respond to this order, his first amended complaint and supplement will be screened.

Entered this 23d day of March, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge