IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                                      ORDER

                Plaintiff,

                                            08-cv-390-bbc

      v.

RICK RAEMISCH, PETER HUIBREGTSE,
MARK HEISE, KEVIN KALLAS, JOHN BETT,
KATHRYN ANDERSON, HELEN KENNEBECK,
TOM GOZINKI, WELCOME ROSE, JOHN & JANE
DOES, MONICA HORNER, GARY BOUGHTON,
DAVID GARDNER, VICKI SEBASTIAN, ROBERT
HABLE, SARAH MASON, BRIAN KOOL, LESLIE
ROWN, CAPT. JENNIFER GERL, CAPT. GILBERGE,
SGT. ROBINSON, THOMAS TAYLOR, MATTHEW
SCULLION, DANA ESSER, SGT. COOK, CAPT. SHARPE,
CO II WETTER, CO CAYA, JOANI SHANNON-SHARPE,
DR. RUBIN-ASCH, DR. STACEY HOEM, TRISHA
LANSING, SGT. KUSSMAUL, SGT. STOHELSON,
CO HULCE, J. HUIBREGTSE, DANIEL LEFFLER,
TRACEY GERBER and SGT. SICKINGER,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In a January 25, 2011 order, the Court of Appeals for the Seventh Circuit remanded this case after concluding that plaintiff Titus Henderson, an inmate at the Wisconsin Secure Program Facility, no longer had "three strikes" under 28 U.S.C. § 1915(g). The court of

1

appeals directed this court to determine whether plaintiff could proceed in forma pauperis with the case. In a March 23, 2011 order, I stated that this task was impossible because plaintiff had both submitted a supplement to his first amended complaint and indicated a desire to submit a second amended complaint, making it unclear which document or documents plaintiff wanted the court to consider as his operative pleading. I instructed plaintiff to respond, indicating whether he wished to submit a second amended complaint or have the court screen his first amended complaint and supplement. Now plaintiff has responded by submitting a second amended complaint. Unfortunately, this complaint is unwieldy; it is about 50 pages long and plaintiff raises numerous claims against more than 50 defendants.

After reviewing plaintiff's complaint, I conclude that it violates Fed. R. Civ. P. 20, which does not allow the joinder of a number of defendants in one suit unless the claims asserted against the defendants arise out of the same occurrence or series of occurrences. Accordingly, I will reserve ruling on the merits of plaintiff's remaining claims until he remedies the Rule 20 violations.

Under Rule 20, plaintiff may not include separate claims against different defendants or sets of defendants in the same lawsuit. The rule prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim for relief against each defendant that arises out of the same transaction or occurrence or series of transactions

or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure ), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

For example, a plaintiff could have one lawsuit for breach of contract against defendants A, B, C and D and an unrelated lawsuit for personal injury against defendants A, B and Z. If the plaintiff wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss defendants C and D from the first lawsuit or he would have to dismiss defendant Z from the second lawsuit. In this way, the same "core" of defendants (A and B) is common to both claims.

Applying Rules 18 and 20 to the factual allegations in the complaint, I conclude that plaintiff is raising claims that belong in as many as five different lawsuits. For almost every claim, plaintiff lists a double-digit roster of defendants, none of which overlap any of his

3

other claims completely.

- Lawsuit #1: Various defendants have promulgated and enforced rules putting a "blanket ban" on plaintiff's First Amendment right to read or view books, magazines, maps, photographs and television stations.

- Lawsuit #2: Various defendants have denied plaintiff of his First Amendment right to send outgoing mail and make phone calls. Also, they have opened and censored privileged legal mail outside his presence.

- Lawsuit #3: Various defendants have promulgated racist rules and retaliated against plaintiff for filing grievances and providing legal assistance to other inmates by falsifying behavior logs, holding unfair hearings and punishing plaintiff. As a result, plaintiff has been kept in administrative solitary confinement indefinitely, punished improperly and denied parole.

- Lawsuit #4: Various defendants have violated plaintiff's Eighth Amendment right to adequate conditions of confinement by withholding adequate clothing for cold outdoor temperatures, food and cleaning supplies, exposing him to disease, mold and mentally ill inmates' loud noises and failing to treat his medical problems.

- Lawsuit #5: Various defendants have violated plaintiff's due process and equal protection rights by extending his mandatory release date without a hearing.

These separate lawsuits appear to involve claims that do not arise out of the same series of transactions or occurrences and do not include the same defendants or subset of defendants as the other claims. Thus, the claims cannot proceed in a single lawsuit and plaintiff will have to decide which claims to pursue. He may do so by submitting a response that identifies which numbered lawsuit he wishes to pursue. If plaintiff elects to pursue multiple lawsuits, he should explain which one he wants to pursue under this case number.

4

The remaining lawsuits will be assigned separate case numbers, and plaintiff will be required to pay an initial partial filing fee for each of those lawsuits (and will ultimately be responsible for the full $350 filing fee).  If plaintiff chooses to dismiss the other lawsuits voluntarily, he will not be obligated to pay the $350 for the other lawsuits.  In addition, a lawsuit dismissed voluntarily would be dismissed without prejudice, allowing plaintiff to bring it at another time.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not undertaken a full screening of the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8.  Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2).  Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merit and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

ORDER

IT IS ORDERED that

1. Plaintiff Titus Henderson may have until June 21, 2011 in which to identify for the court one separately numbered lawsuit identified in the body of this opinion on which

5

he wishes to proceed under the number assigned to this case.

2. Plaintiff may have until June 21, 2011 in which to advise the court whether he will prosecute the remaining lawsuits or whether he wishes to withdraw them voluntarily.

3. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

4. For each lawsuit that plaintiff advises the court he intends to prosecute (other than the one plaintiff chooses to keep assigned to this case number), he will owe a separate $350 filing fee and will be assessed an initial partial payment.

5. If plaintiff fails to respond to this order by June 21, 2011, I will enter an order dismissing the lawsuit as it presently exists for plaintiff's failure to prosecute.

Entered this 31st day of May, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6