IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                      ORDER

          Plaintiff,

                                  08-cv-390-bbc

      v.

RICK RAEMISCH, PETER HUIBREGTSE,
MARK HEISE, KEVIN KALLAS, JOHN BETT,
KATHRYN ANDERSON, HELEN KENNEBECK,
TOM GOZINKI, WELCOME ROSE, JOHN & JANE
DOES, MONICA HORNER, GARY BOUGHTON,
DAVID GARDNER, VICKI SEBASTIAN, ROBERT
HABLE, SARAH MASON, BRIAN KOOL, LESLIE
ROWN, CAPT. JENNIFER GERL, CAPT. GILBERGE,
SGT. ROBINSON, THOMAS TAYLOR, MATTHEW
SCULLION, DANA ESSER, SGT. COOK, CAPT. SHARPE,
CO II WETTER, CO CAYA, JOANI SHANNON-SHARPE,
DR. RUBIN-ASCH, DR. STACEY HOEM, TRISHA
LANSING, SGT. KUSSMAUL, SGT. STOHELSON,
CO HULCE, J. HUIBREGTSE, DANIEL LEFFLER,
TRACEY GERBER and SGT. SICKINGER,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a May 31, 2011 order, I concluded that plaintiff Titus Henderson's 50-page complaint violated Fed. R. Civ. P. 18 and 20.  Plaintiff raised claims belonging in as many as five different lawsuits, listed as follows:

-    Lawsuit #1: Various defendants have promulgated and enforced rules putting a "blanket ban" on plaintiff's First Amendment right to read or view books, magazines, maps, photographs and television stations.

1

- <u>Lawsuit #2</u>: Various defendants have denied plaintiff of his First Amendment right to send outgoing mail and make phone calls.  Also, they have opened and censored privileged legal mail outside his presence.

- <u>Lawsuit #3</u>: Various defendants have promulgated racist rules and retaliated against plaintiff for filing grievances and providing legal assistance to other inmates by falsifying behavior logs, holding unfair hearings and punishing plaintiff.  As a result, plaintiff has been kept in administrative solitary confinement indefinitely, punished improperly and denied parole.

- <u>Lawsuit #4</u>: Various defendants have violated plaintiff's Eighth Amendment right to adequate conditions of confinement by withholding adequate clothing for cold outdoor temperatures, food and cleaning supplies, exposing him to disease, mold and mentally ill inmates' loud noises and failing to treat his medical problems.

- <u>Lawsuit #5</u>: Various defendants have violated plaintiff's due process and equal protection rights by extending his mandatory release date without a hearing.

I gave plaintiff a chance to explain which of these cases he wished to pursue under this case number as well as explain whether he wished to pursue any of the other lawsuits. Plaintiff then filed a supplement to the complaint adding even more allegations and a proposed amended complaint very similar to his previous pleadings.  In an August 23, 2011 order, I denied plaintiff's motion to supplement his pleadings and his motion for leave to file an amended complaint, and instructed him to pick one of the above-listed lawsuits to pursue in this case.

Now plaintiff has responded to the August 23 order, stating that he never received the court's May 31, 2011 order.  He states that I "lied" about that order because prison staff members have told him that I have given prison official Ellen Ray "advanced knowledge that [the] action will dismissed because of form."  In addition, he asks for an explanation of how his complaint violates Rules 18 and 20, and suggests that his complaint does not violate

2

these rules because the various defendants' actions are "related by policy/decisions as a series of events" and he seeks relief "jointly and severally" against defendants.

Some of plaintiff's fears are unfounded. He can rest assured that I have not had a conversation with any Department of Corrections employee about this case, nor have I prejudged the merits of any of his claims in this action. However, plaintiff does face the eventual possibility that this lawsuit will be dismissed if he does not choose which lawsuit to pursue under this case number. (Plaintiff may also choose to pursue his other claims in separate lawsuits but he will owe a filing fee for each lawsuit he files).

Some of plaintiff's confusion may have been caused by not receiving the court's May 31, 2011 order, a copy of which I will attach to this order. In the May 31 order, I explained how plaintiff's complaint violates Rules 18 and 20. As for the arguments raised in his latest response, plaintiff fails to persuade me that the decision to split the case into five lawsuits was incorrect. Nothing in plaintiff's complaint suggests that each of his disparate claims results from an overarching policy or decision by prison officials, and suing defendants for relief jointly and severally does not enable plaintiff to join unrelated complaints into the same lawsuit.

ORDER

IT IS ORDERED that

1. Plaintiff Titus Henderson may have until November 15, 2011, in which to identify for the court one separately numbered lawsuit identified in the body of this opinion on

which he wishes to proceed under the number assigned to this case.

4.  Plaintiff may have until November 15, 2011, in which to advise the court whether he will prosecute the remaining lawsuits or whether he wishes to withdraw them voluntarily.

5.  For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

6.  For each lawsuit that plaintiff advises the court he intends to prosecute (other than the one plaintiff chooses to keep assigned to this case number), he will owe a separate $350 filing fee and will be assessed an initial partial payment.

7.  If plaintiff fails to respond to this order by November 15, 2011, I will enter an order dismissing the lawsuit in its present form for plaintiff's failure to prosecute it.

Entered this 1st day of November, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge