IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TITUS HENDERSON,

                                                ORDER

                Plaintiff,

                                        08-cv-390-bbc

      v.

RICK RAEMISCH, PETER HUIBREGTSE,
MARK HEISE, KEVIN KALLAS, JOHN BETT,
KATHRYN ANDERSON, HELEN KENNEBECK,
TOM GOZINKI, WELCOME ROSE, JOHN & JANE
DOES, MONICA HORNER, GARY BOUGHTON,
DAVID GARDNER, VICKI SEBASTIAN, ROBERT
HABLE, SARAH MASON, BRIAN KOOL, LESLIE
ROWN, CAPT. JENNIFER GERL, CAPT. GILBERGE,
SGT. ROBINSON, THOMAS TAYLOR, MATTHEW
SCULLION, DANA ESSER, SGT. COOK, CAPT. SHARPE,
CO II WETTER, CO CAYA, JOANI SHANNON-SHARPE,
DR. RUBIN-ASCH, DR. STACEY HOEM, TRISHA
LANSING, SGT. KUSSMAUL, SGT. STOHELSON,
CO HULCE, J. HUIBREGTSE, DANIEL LEFFLER,
TRACEY GERBER and SGT. SICKINGER,

                                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In a May 31, 2011 order, I concluded that plaintiff Titus Henderson's 50-page complaint violated Fed. R. Civ. P. 18 and 20. Plaintiff raised claims belonging in as many as five different lawsuits, listed as follows:

-     Lawsuit #1: Various defendants have promulgated and enforced rules putting a "blanket ban" on plaintiff's First Amendment right to read or view books, magazines, maps, photographs and television stations.

- Lawsuit #2: Various defendants have denied plaintiff of his First Amendment right to send outgoing mail and make phone calls. Also, they have opened and censored privileged legal mail outside his presence.

- Lawsuit #3: Various defendants have promulgated racist rules and retaliated against plaintiff for filing grievances and providing legal assistance to other inmates by falsifying behavior logs, holding unfair hearings and punishing plaintiff. As a result, plaintiff has been kept in administrative solitary confinement indefinitely, punished improperly and denied parole.

- Lawsuit #4: Various defendants have violated plaintiff's Eighth Amendment right to adequate conditions of confinement by withholding adequate clothing for cold outdoor temperatures, food and cleaning supplies, exposing him to disease, mold and mentally ill inmates' loud noises and failing to treat his medical problems.

- Lawsuit #5: Various defendants have violated plaintiff's due process and equal protection rights by extending his mandatory release date without a hearing.

I gave plaintiff a chance to explain which of these cases he wished to pursue under this case number as well as explain whether he wished to pursue any of the other lawsuits. Plaintiff then filed a supplement to the complaint adding even more allegations and a proposed amended complaint even longer than his previous pleadings, encompassing 274 numbered allegations. In an August 23, 2011 order, I denied plaintiff's motion to supplement his pleadings and his motion for leave to file an amended complaint and instructed him to pick one of the listed lawsuits to pursue in this case.

Plaintiff responded to the August 23 order, arguing in part that his complaint did not violate Rules 18 and 20 because defendants' actions are "related by policy/decisions as a series of events." In a November 1, 2011 order, I stated, "Nothing in plaintiff's complaint suggests that each of his disparate claims results from an overarching policy or decision by prison officials," and gave plaintiff another chance to choose which of these cases he wished

2

to pursue under this case number.

Now plaintiff has responded to the November 1 order. Plaintiff now seems to accept the court's conclusion that Lawsuits Nos. 3, 4 and 5 belong in separate actions, but states that he will "only agree to severance" of his claims if Lawsuits Nos. 1 and 2 are "combined together as First Amend[ment] violations based on policy and practice of defendants Raemisch, Huibregtse, Gerber and K. Potter" and if each lawsuit is based on his August 17, 2011 proposed amended complaint, dkt. #43, not "on any civil claims before April 2011 complaints filed." Plaintiff states, "I've been advised accepting/allowing severance of Amended Complaint Dkt. #42 + #43 into separate civil actions will moot the "Judicial Review of Misconduct by Seventh Cir."

Plaintiff misunderstands the court's focus in this action. I am unconcerned with judicial misconduct proceedings; rather, my concern is dividing plaintiff's omnibus complaint into manageable lawsuits containing claims properly joined under Rules 18 and 20. Plaintiff cannot join Lawsuits ##1 and 2 together because doing so would violate these rules. Lawsuit #1, concerning a ban on books, television and the like, is unrelated to Lawsuit #2, concerning the denial of communication with the outside world via mail or telephone, and there is only minimal overlap of the 21 defendants named in Lawsuit #1 with the 15 defendants named in Lawsuit #2. As I stated in the November 1 order, plaintiff fails to show that these otherwise separate claims result from an overarching policy or decision such that they could be considered part of the same series of transactions necessary to join the claims together.

Also, plaintiff believes his claims should be based on his August 17, 2011 proposed amended complaint. However, I have already denied plaintiff's motion to make that document the operative pleading in this case. In an August 23, 2011 order, I denied plaintiff's motion for leave to file this amended complaint, stating that "at this stage, the last thing plaintiff needs is to provide *more* allegations. Instead, what plaintiff needs to do is choose which of the above-numbered cases he wants to pursue, acknowledging the fact that he *cannot pursue them all in this case under this case number*." Dkt. #44 (emphasis in original). To the extent that plaintiff's latest filing can be considered a motion to reconsider that ruling, it will be denied. Plaintiff's April 13, 2011 amended complaint, dkt. #34, remains the operative pleading in this case. However, as I stated in the court's August 23 order, once plaintiff chooses which numbered lawsuits he wishes to pursue, he will be given a chance to amend his complaints in those lawsuits to include all *properly joined* claims and defendants.

These repeated back-and-forths with plaintiff have been only marginally productive at the cost of significant judicial resources. I will give plaintiff a final chance to choose which of the numbered lawsuits listed above he wishes to pursue under this case number as well as indicate whether he wishes to pursue any of the other numbered lawsuits under new case numbers. Plaintiff should be aware that he will ultimately be responsible for the full $350 filing fee for each new case he pursues. If plaintiff chooses to dismiss the other lawsuits voluntarily, he will not be obligated to pay the $350 fee for the other lawsuits. In addition, a lawsuit dismissed voluntarily would be dismissed without prejudice, allowing plaintiff to bring it at another time.

4

I stress that this is plaintiff's final chance to choose which numbered lawsuits he wishes to pursue. Should plaintiff file another response arguing about how his claims have been divided rather than choosing which cases to pursue, I will dismiss this entire action for plaintiff's failure to prosecute it.

ORDER

IT IS ORDERED that

1. Plaintiff Titus Henderson may have until December 1, 2011, in which to identify for the court one separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case.

4. Plaintiff may have until December 1, 2011, in which to advise the court whether he will prosecute the remaining lawsuits or whether he wishes to withdraw them voluntarily.

5. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

6. For each lawsuit that plaintiff advises the court he intends to prosecute (other than the one plaintiff chooses to keep assigned to this case number), he will owe a separate $350 filing fee.

7. If plaintiff fails to choose which cases he wishes to pursue by December 1, 2011,

I will enter an order dismissing the lawsuit in its present form for plaintiff's failure to prosecute it.

Entered this 17th day of November, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge